**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **BRADLEY M. HOUSTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:25-cv-409-MTT-CHW** |
| | : | |
| **Officer WHITNEY,** | : | **Proceedings under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendant.** | : | |
| | : | |

**ORDER**

Before the Court is Defendant Whitney's motion to set aside default. (Doc. 18). The docket shows that the Clerk's office mailed waiver of service paperwork for Defendant on March 6, 2026. (Doc. 10). On May 6, 2025, the paperwork was returned unexecuted (Doc. 13). The Clerk's office issued service paperwork for personal service and forwarded it to the United States Marshals Service on May 7, 2026. (Docs. 14-16). Defendant was personally served on May 12, 2026 (Doc. 17). She failed to answer Plaintiff's complaint as required following personal service and is in default by operation of law, but a default has not been entered upon the docket. Defendant now seeks to have the default set aside. (Doc. 18).

In the motion to set aside default, defense counsel explains that Defendant timely sought representation following service, but through caseload and staffing issues in counsel's office, the default was not discovered until June 19, 2026. (Doc. 18-1, p. 1-2). The motion to set aside default was filed on June 22, 2026, the next business day. (Doc.

18). There appears to have been no delay on the part of Defendant in seeking representation, and she did not contribute to the default. Additionally, Defendants filed an answer contemporaneously with the motion to set aside default. (Doc. 19).

Defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c)of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendant, she alleges that she has grounds for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Therefore, Defendant Whitney's motion to set aside default (Doc. 18) is **GRANTED**. Defendants' answer filed on June 22, 2026 (Doc. 19), is accepted. The discovery period set out in the Court's Order Directing Service (Doc. 8) shall begin on the date of this Order.

**SO ORDERED**, this 28th day of July, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge